IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 99-30091 |
| DEMETRIUS D. McCOLLOUGH, | ) ) ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Federal Defender's Motion to Withdraw as Counsel (d/e 267), and Defendant Demetrius McCollough's Pro Se Motion to Reduce Sentence (d/e 264) based on the retroactive Amendment to the Sentencing Guideline range regarding crack cocaine sentencing. The Court appointed the Federal Defender's Office to represent Defendant Demetrius McCollough in this matter. Text Order entered June 16, 2008.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

[I]n the case of a defendant who has been sentenced

> to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment n.1(A).

The Defendant was sentenced by this Court on December 15, 2000, to a sentence of 420 months imprisonment. The Court adopted the findings of the Presentence Investigation Report (d/e 180) (PSR) with respect to the determination of Demetrius McCollough's Guideline range. <u>Opinion entered December 19, 2000 (d/e 178)</u>, at 8-9. Demetrius McCollough's Guideline range was determined based on the fact that he was a career offender. <u>Id.</u>; U.S.S.G. § 4B1.1. As such, the Federal Defender concluded that the retroactive Amendment would not apply to McCollough,

and thus, asks for permission to withdraw as counsel.  Motion to Withdraw as Counsel (d/e 267), ¶ 3.

Defendant McCollough has filed pro se memoranda and supporting materials asserting that he is entitled to a reduction in his sentence regardless of the fact that he was found to be a career offender.  Motion for Reduction (d/e 264); Letter to Judge Scott filed June 16, 2008 (d/e 265); Memorandum in Support of his Motion filed August 22, 2008 (d/e 271); and Letter to Judge Scott dated September 22, 2008, with enclosures (d/e 272).  The Court has reviewed these materials and concludes that Defendant Demetrius McCollough is not entitled to a reduction in his sentence.  His sentencing range is controlled by the fact that he is a career offender.  Thus, the change in the calculation of the guideline range for crack offenses did not affect his Guideline sentencing range.  This Court cannot reduce his sentence because the retroactive Amendment to the Guidelines does not apply to him.

THEREFORE, the Deputy Federal Defender's Motion to Withdraw as Counsel (d/e 267) is GRANTED.  Defendant Demetrius McCollough's Motion to Reduce Sentence (d/e 264) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: October 15, 2008

    FOR THE COURT:

                                                  s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                                   UNITED STATES DISTRICT JUDGE