IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 99-30091 |
| | ) | |
| DEMETRIUS D. McCULLOUGH, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter comes before the Court on Defendant Demetrius D. McCullough's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 295) and supplemental Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 297). Defendant also filed a Motion for Appointment of Replacement Counsel (d/e 298). For the reasons set forth below, Defendant's Motion for Appointment of Replacement counsel is DENIED and his Motions for a reduced sentence are DISMISSED for lack of subject matter jurisdiction.

# I. BACKGROUND

In July 2000, a jury found Defendant guilty of one count of conspiracy with intent to distribute controlled substances (Count 1) and six counts of distribution of cocaine base (crack) (Counts 7, 8, 9, 10, 13, 14). In December 2000, at the sentencing hearing, the Court adopted presentence investigation report (PSR) with respect to the guideline range.

The PSR held Defendant accountable for 1,221.30 grams of crack and 1,052.76 grams of cocaine powder. Pursuant to United States Sentencing Guideline (U.S.S.G.) § 2D1.1, the quantities of powder and crack cocaine were converted to marijuana, resulting in a total of 24,636.55 kilograms of marijuana. This resulted in an offense level of 36. With a two-level enhancement for possession of a firearm, Defendant's total offense level was 38.

Because Defendant was at least 18 years old when he committed the offenses and had two prior felony convictions for either a crime of violence or a controlled substance, he was considered a career offender

pursuant to U.S.S.G. § 4B1.1.  As a career offender, Defendant's offense level would have been 37.  See U.S.S.G. § 4B1.1 (1998) (providing for an offense level of 37 where the offense statutory maximum is life).  However, because the offense level from the career offender table was less than the otherwise applicable offense level, the offense level from the career offender table did not apply.  See U.S.S.G. § 4B1.1 ("If the offense level for a career offender from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply.").

The PSR further provided that, based on his criminal history, Defendant's criminal history category would have been a Category V. However, "[a] career offender's criminal history category in every case shall be Category VI."  U.S.S.G. § 4B1.1(b).  With a total offense level of 38 and a criminal history of VI, Defendant's sentencing range was 360 months to life.  The Court sentenced Defendant to 420 months on Count 1 and 260 months on each of Counts 7, 8, 9, 10, 13, and 14, to run concurrently.

In June 2008, Defendant filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses. The Court denied Defendant's request because Defendant was sentenced as a career offender and the retroactive amendment (Amendment 706) did not apply to Defendant. Defendant appealed, and the Seventh Circuit affirmed. <u>United States v. McCullough</u>, No. 08-3779 (7th Cir. 2009) (unpublished disposition) (holding that Amendment 706, "which lowered the base offense level for crack cocaine offenses under U.S.S.G. §2D1.1 . . . [did] not have the effect of lowering [Defendant's] applicable guideline range and provides no benefit to career offenders").

In February 2012, Defendant filed his Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 295). This Court appointed the Federal Defender for the Central District of Illinois to represent Defendant on his Motion.

On February 27, 2012, appointed counsel moved to withdraw, noting that Defendant was found to be a career offender. Counsel asserted that under the old and new amended guidelines, Defendant's

guideline range was the same, and he was therefore ineligible for a reduction in sentence.  On February 28, 2012, this Court granted counsel's motion to withdraw and gave Defendant additional time to supplement his Motion or file a new Motion.

On March 22, 2012, Defendant filed a Notice of Appeal.  In the Notice of Appeal, Defendant asserted that his Motion for Reduction of Sentence was pending before this Court and that should the motion be denied, he would like to appeal and be appointed counsel.  The clerk of the court treated this document as an appeal of the Court's order granting counsel's motion to withdraw.  This Court has received notice from the Seventh Circuit of docketing the record on appeal.  <u>See</u> d/e 301.

On March 23, 2012, Defendant filed a supplemental Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 297).  In the Motion, Defendant states that he believes he has a "viable and tenable legal issue that affords him a chance for eligibility for this reduction" and requests replacement counsel.  Defendant also filed a separate Motion for Appointment of Replacement

Counsel (d/e 298).

## II.  ANALYSIS

A.  <u>The Notice of Appeal Did Not Divest This Court of Jurisdiction</u>

Initially, this Court must address whether it has jurisdiction to proceed in light of Defendant's Notice of Appeal.  Generally, when a Notice of Appeal is filed, the district court is divested of jurisdiction over the aspects of the case involved in the appeal.  <u>United States v. Ali</u>, 619 F.3d 713, 722 (7th Cir. 2010).   However, if the appeal is from a nonappealable interlocutory order, this general rule does not apply.  See <u>United States v. Cannon</u>, 715 F.2d 1228, 1231 (7th Cir. 1983) ("This rule, however, has no application where there is a purported appeal from a nonappealable order"); <u>United States v. Hines</u>, 2009 WL 3156694, at *2 (S.D. Ill. 2009) (finding that the appeal of the district court's competency ruling and ruling that the defendant waived his right to proceed <u>pro</u> <u>se</u> did not divest the district court of jurisdiction because the rulings were not collateral orders or otherwise subject to immediate appeal), <u>aff'd</u> 407 Fed. Appx. 795 (7th Cir. 2011) (unpublished

disposition).

This Court's order granting counsel leave to withdraw is a nonappealable interlocutory order. See, e.g., United States v. Flanagan, 465 U.S. 259, 260 (1984) (district court's pretrial disqualification of defense counsel in a criminal prosecution is not immediately appealable). The order is not a final order under 28 U.S.C. § 1291.[1] Nor does the order fall within the collateral order doctrine, which gives the appellate court jurisdiction to review an interlocutory order. An interlocutory order is immediately appealable where the order (1) conclusively determines a disputed issue; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from the final judgment. United States v. Rinaldi, 351 F.3d 285, 288 (7th Cir. 2003).

Here, allowing counsel to withdraw is not an issue completely separate from the merits of the action because the basis of the motion was counsel's belief that Defendant was not entitled to a reduced

---

[1] Section 1291 provides that the courts of appeals have jurisdiction of appeals from all final decisions of the district courts.

sentence. Moreover, the issue can be reviewed on appeal from the final judgment on Defendant's motion for a reduced sentence. Contra Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co., 310 F.3d 537, 539 (7th Cir. (2002) (providing that the denial of an attorney's motion to withdraw in a civil case because the client failed to pay the attorney's fees was immediately appealable: "Because an order compelling a lawyer to work without prospect of compensation is unrelated to the merits of the dispute, cannot be rectified at the end of the case, and has a potential to cause significant hardship," the order is immediately appealable). Finally, this Court notes Defendant is not even entitled to counsel when bringing a motion under 18 U.S.C. § 3582(c)(2). See United States v. Forman, 553 F.3d 585, 590 (7th Cir. 2009).

If Defendant is attempting to appeal the denial of his motions to reduce sentence, which has not yet occurred, this Court necessarily finds it has not been divested of jurisdiction to actually decide the motions. See, e.g., Wisconsin Mutual Ins. Co. v. United States, 441 F.3d 502, 505

(7th Cir. 2006) (civil case in which the Seventh Circuit held: "Because the initial notices of appeal were premature, the district court acted within its jurisdiction by patching up the judgment to allow appellate review"). Therefore, this Court finds that it is not divested of jurisdiction over Defendant's pending motions.

B. <u>Motion for Appointment of Replacement Counsel</u>

Defendant's Motion for Appointment of Replacement Counsel is denied. There is no right to counsel when bringing a motion under 18 U.S.C. § 3582(c)(2). <u>See</u> <u>Forman</u>, 553 F.3d at 590. Moreover, Defendant is not entitled to another appointment of counsel on the same matter. <u>See</u> <u>United States v. Dickerson</u>, 2008 WL 4330187, at *2 (C.D. Ill. 2008) (where counsel was appointed and granted leave to withdraw once it became apparent the motion had no merit, the defendant was not entitled to another appointment of counsel on the same matter).

C. <u>Defendant's Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense</u>

In his Motion for Retroactive Application of Sentencing Guidelines

to Crack Cocaine Offense, Defendant argues his "base offense level should have started at 34 instead of 36 because the probation officer erred in the calculation of the points." Defendant also argues that he should be sentenced under the new sentencing guidelines which, according to Defendant, would lower his base offense level to 32. In his supplement to the Motion, Defendant argues he is entitled to a reduced sentence because "Amendment 750 effectively lowered the quantities that determine sentence based on cocaine base, on a retroactive basis."

This Court only has jurisdiction to reduce Defendant's sentence if Defendant meets the requirements of 18 U.S.C. § 3582(c)(2). Section § 3582(c)(2) allows a court to reduce a previously imposed sentence where (1) the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant cannot satisfy the first criterion, the court lacks subject matter jurisdiction to consider the reduction request.

Forman, 553 F.3d at 588.

Defendant does not meet the requirements of § 3582 because the Sentencing Commission did not subsequently lower the sentence range under which Defendant was sentenced. Defendant was sentenced as a career offender. See Forman, 553 F.3d at 589-90 (holding that a crack cocaine offender sentenced under the career offender guideline was not eligible for a reduced sentence under Amendment 706, which reduced the base offense levels for crack cocaine offenses).

Because Defendant was a career offender, his total offense level would be 37 and his criminal history would be VI even after the recent Amendment. See U.S.S.G. § 4B1.1(b)(1) (2011) (providing for an offense level of 37 where the offense statutory maximum is life and that a career offender's criminal history category is Category VI). This results in a sentencing guideline range of 360 to life, the same as under the old guidelines. See U.S.S.G. Sentencing Table (1998); U.S.S.G. Sentencing Table (2011). Because the Amendment has no effect on Defendant's sentencing guideline range, Defendant is not entitled to a reduction in his

sentence. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, comment note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range."); <u>United States v. Taylor</u>, 627 F.3d 674, 676 (7th Cir. 2010) (relief under § 3582(c)(2) "is not available when a retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range"), <u>quoting</u> U.S.S.G. § 1B1.10(a)(2)(B).

### III. CONCLUSION

For the reasons stated, Defendant's Motion for Appointment of Replacement Counsel (d/e 298) is DENIED. Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 295) and supplemental Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 297) are DISMISSED for lack of subject matter jurisdiction.

ENTER: April 10, 2012

FOR THE COURT:

      s/ Sue E. Myerscough
      SUE E. MYERSCOUGH
    UNITED STATES DISTRICT JUDGE